Ben Crittenden
Law Office of Ben Crittenden, P.C.
750 W. 2nd Ave., Suite 200
Anchorage, AK 99501
P: (907) 771-9002
F: (907) 771-9001
Email: ben@crittendenlawoffice.com

Attorney for Plaintiff

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ALASKA

| | |
|---|---|
| RUTH A. MASTERS, ) | |
| ) | Case No. 3:20-cv- |
| Plaintiff, ) | |
| ) | |
| v. ) | **COMPLAINT** |
| ) | |
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Defendant. ) | |
| _____) | |

Plaintiff, RUTH A. MASTERS, by and through her attorney, BEN CRITTENDEN of the LAW OFFICE OF BEN CRITTENDEN, P.C., to states and alleges the following as their cause of action for her complaint.

## I. JURISDICTION AND VENUE

1. This Court has jurisdiction over this cause of action pursuant to 28 U.S.C. 1346(b) and 28 U.S.C. 2671, *et seq*., (The Federal Tort Claims Act) as hereinafter more fully appears.

2. Venue is proper in the United States District Court for the District of Alaska pursuant to 28 U.S.C. 1402(b). The plaintiff Ruth Ann Masters (Ms. Masters) was visiting her daughter and son-in-law, who serves in the United States Armed Forces stationed at Joint Base Elmendorf-Richardson (JBER), in Alaska within the District of Alaska when this incident occurred and when the

acts or omissions, or both, complained of occurred within the District of Alaska and the United States of America is the defendant.

3. All events relative to the cause of action of this complaint occurred in the state of Alaska at Joint Base Elmendorf-Richardson (JBER) near Anchorage, Alaska.

## II. FORM 95 AND TIMELINESS

Plaintiff filed her Form 95 pursuant to the Federal Tort Claims with the United States Department of Air Force on September 11, 2017. This claim was administratively denied on January 24, 2020. Because this complaint is filed less than six months after the denial, which would be June 24, 2020, a lawsuit is permitted under 28 U.S.C. 2675(a).

## III. FACTS

1. Plaintiff Ms. Masters was visiting her daughter and son-in-law, who serves in the United States Armed Forces (Air Force) stationed at JBER, in Alaska within the District of Alaska when this incident occurred and when the acts or omissions complained of occurred within the District of Alaska and the United States Air Force is a defendant.

2. During Ms. Masters's visit on December 23, 2016, Ms. Masters and her family decided to snow tube at the Hillberg Ski Area located on JBER.

3. In addition to skiing, the ski area offers snow tubing and dog sled rides.

4. Ms. Masters and her family had completed one run down the snow tubing slope at the Hillberg Ski Area and had returned to the top of the tube slope.

5. The tubes were towed up the mountain on a conveyor belt-like device that was strapped onto the tube.

6. On the day in question, December 23, 2016, a second conveyor belt system for transporting tubes was inoperable.

7. Patrons were required to pass the inoperable conveyor belt system to get to the tubing slope.

8. There were no signs posted that the slope was closed.

9. There was no barrier blocking the inoperable belt or slope associated with the belt.

10. Ms. Masters was seated in her tube at the top of the slope when her tube went over the edge of the inoperable conveyor belt slope and slid down the mountain.

11. She flew over areas of rebar on the slope, which injured her and could not top her tube.

12. Ms. Masters recalls twisting around and then slamming repeatedly into a wooden building located at the bottom of the slope.

13. There was no barrier present to prevent patrons of the tubing slope from colliding with the building.

14. Ms. Masters experienced tremendous pain in her arm on impact with the building.

15. This pain was so great that she did not realize that her ankle was also fractured on impact and that her ribs were broken.

16. Ms. Masters was rushed to the Alaska Regional hospital in a military ambulance.

17. A head ski instructor observed the accident, though Ms. Masters is not aware of his name.

18. The Government employee advised the family that he believed Ms. Masters was traveling down the mountain at approximately 30 mph when she hit the building at the bottom of the slope.

19. Ms. Masters arrived at Alaska Regional Hospital at approximately 4:03 PM.

20. Upon x-ray examination, her left arm was broken in two places and her left ankle was fractured. Two of her rights ribs were later determined to be broken as well.

21. All of these injuries and others were caused by the defendant, for which the defendant is liable.

22. Very early on the morning following the tubing collision and injury, Decemeber 24, 2016, Ms. Masters's husband and the couple's son-in-law returned to the tubing area of Hillberg to search for Ms. Masters's glasses.

23. Changes had already been made to the Hillberg tubing area.

24. The inoperable conveyor belt Ms. Masters had fallen from was blocked off at the top with a pile of snow and orange fencing.

25. The wooden building at the bottom Ms. Masters had crashed into was covered in a bank of snow so no patron could collide with it.

26. Ms. Masters believes that she did not sign a release of liability.

## COUNT I: NEGLIGENCE

27. Paragraphs 1 through 27 are incorporated herein by reference as if set forth fully below.

28. The United States Air Force is a defendant in this matter in that the Department of the Air Force is a department of the United States government and is vicariously liable for the acts or omissions, or both, its employees, representatives, contractors, and agents at Hillberg Ski Area located on JBER under the theories of respondeat superior, agency, negligence, joint enterprise, negligent entrustment and negligent supervision.

29. The term defendant in this complaint means the United States and/or Department of Air Force and/or acting through its employees, representatives, contractors and/or agents and/or Hillberg Ski Area located on JBER.

30. At all times material hereto, Defendant owned, controlled, operated, possessed, and maintained, through its agents, ostensible agents, servants, and employees and held itself open and invited members of the public and customers onto its premises.

31. At all times material hereto, Defendant owed its customers the highest duty of care.

32. At all times material hereto, Defendant, by and through its agents, ostensible agents, servants, and employees were negligent in one or more of the following ways:

    a. Failing to inform tubers that one of the slopes was closed;

    b. Failing to post signs that one of the slopes was closed;

    c. Failing to remove rebar pipes from the tubing slope;

d. Defectively designing or constructing the tubing slope so that the rebar pipes are not safely buried under snow pack;

   e. Failing to design or construct or modify, or all three, the tubing slope in a safe and reasonable manner so as to avoid confusion and use of the unsafe slope;

   f. Failing to put signs at the top of the slope stating not to use the inoperable slope;

   g. Failing to create a snow berm at the top of the inoperable slope to prevent tubers from accidentally sliding down the slope;

   h. Failing to put orange fencing at the top of the inoperable slope to prevent tubers from accidentally sliding down the slope;

   i. Failing to put a snow berm around the building at the bottom of the slope to prevent tubers from hitting it;

   j. Failing to put orange fencing around the building at the bottom of the slope to present tubers from hitting it;

   k. Negligently or defectively constructing the ski slope so that the building at the bottom of the hill was in a place where a tuber would collide with it;

   l. Failing to use reasonable care in inspecting or maintaining or modifying, or all three, the tubing slope to eliminate unsafe or dangerous conditions;

   m. Failing to use reasonable care in inspecting or maintaining or modifying, or all three, the tubing slope to inform tubers of unsafe or dangerous conditions;

   n. Failing to formulate, adopt, update, and enforce rules, policies, and procedures to ensure the safety of all tubers at Hillberg Ski Area.

33. Defendant's negligence was a direct and proximate cause of Ms. Master's injuries and damages.

34. As a result of defendant's actions or omissions, or both, Ms. Masters suffered for which the defendant is liable.

35. As a direct and proximate result of the Defendant's conduct, Ms. Masters suffered injuries, including, but not limited to, multiple fractured bones, permanent scarring, the need for additional medical care, lost income, medical bills, and pain and suffering.

36. As a direct and proximate result of Defendant's acts or omissions, or both, Ms. Masters incurred the following damages, including, but not limited to, past and/or future medical expenses, past and/or future pain and suffering, past and/or future loss of income, inconvenience, past and/or future loss of enjoyment of life, and other damages, all in an amount within the jurisdiction of the Alaska District Court, the exact amount to be proven at trial.

WHEREFORE, plaintiff prays for a judgment against the defendant as follows:

1. Compensatory damages in a sum to be proven at trial within the amounts originally claimed in the administrative claims process;

2. Costs, interest, and attorney fees as allowed under the Federal Tort Claims Act; and

3. For such other relief as this court deems just and equitable.

DATED this 23rd day of June, 2020.

/S/ Ben Crittenden
750 W. 2nd Ave., Suite 200
Anchorage, Alaska 99501
(907) 771-9002
(907) 771-9001 fax ben@crittendenlawoffice.com
Alaska Bar No. 0511098