# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ALASKA

RUTH A. MASTERS,

    Plaintiff,

v.

UNITED STATES OF AMERICA,

    Defendant.

Case No. 3:20-cv-00150-SLG

## ORDER RE DEFENDANT'S MOTION FOR SUMMARY JUDGMENT

Before the Court at Docket 27 is Defendant United States' Motion for Summary Judgment. Plaintiff Ruth Masters, who is self-represented, did not file a response to the motion. Oral argument was not requested and is not necessary to the Court's decision.

Upon due consideration, Defendant's Motion for Summary Judgment is **GRANTED** and this action is **DISMISSED**.

## BACKGROUND

This is an action for damages under the Federal Tort Claims Act arising out of injuries Ms. Masters suffered while snow tubing at Hillberg Ski Area ("Hillberg") on Joint Base Elmendorf-Richardson in Anchorage, Alaska.[1] On December 23, 2016, Ms. Masters visited Hillberg to go snow tubing with her daughter.[2] Hillberg's

---

[1] *See* Docket 1 at ¶¶ 1, 3, 2-15.

[2] Docket 27-2 at 2; Docket 28 at 2.

tubing area features two lanes—the North and South Lanes—each with a designated rope-tow type lift.[3] At the top of the tubing hill, where the lifts terminate, there is a flat, snow-packed path where tubers generally walk to access the tubing slopes.[4] It is routine for Hillberg staff to operate only one tubing lane depending on demand, and, on December 23, 2016, staff operated only the North Lane.[5]

After successfully tubing the hill once, Ms. Masters and her daughter used the North Lane lift to reach the top of the tubing hill for a second run.[6] At the top of the lift, Ms. Masters' daughter began pulling Ms. Masters across the path while Ms. Masters sat in her tube.[7] The two then paused at the top of the hill to wait for other members of their party and Ms. Masters' daughter let go of Ms. Masters' tube.[8] Due to icy conditions, Ms. Masters' tube began an uncontrolled slide down the hill.[9] Ms. Masters remained seated in her tube and struck a structure—the South Tow Wheelhouse—at the base of the hill.[10] As a result of the impact, Ms.

---

[3] Docket 27-2 at 5–6; Docket 28 at 2.

[4] Docket 28 at 2; Docket 27-3 at 4–5.

[5] Docket 28 at 2.

[6] Docket 27-2 at 9–10.

[7] Docket 27-2 at 11-12.

[8] Docket 27-2 at 13–14; Docket 28 at 2.

[9] Docket 27-2 at 10, 15; Docket 28 at 2.

[10] Docket 27-2 at 15–21; Docket 28 at 2.

Case No. 3:20-cv-00150-SLG, *Masters v. USA*
Order re Defendant's Motion for Summary Judgment
Page 2 of 9
Case 3:20-cv-00150-SLG   Document 46   Filed 07/29/24   Page 2 of 9

Masters suffered injuries, including a broken ankle, a broken arm, two broken ribs, and an injured elbow.[11]

On June 24, 2020, Ms. Masters filed her complaint in this case, asserting a single cause of action for negligence against the United States Air Force.[12]

## LEGAL STANDARD

Federal Rule of Civil Procedure 56(a) directs a court to "grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." The burden of showing the absence of a genuine dispute of material fact lies with the movant.[13] If the movant meets this burden, the non-moving party must demonstrate "specific facts showing that there is a genuine issue for trial."[14] The non-moving party may not rely on "mere allegations or denials"; rather, to reach the level of a genuine dispute, the evidence must be such "that a reasonable jury could return a verdict for the non-moving party."[15]

When considering a motion for summary judgment, a court views the facts in the light most favorable to the non-moving party and draws "all justifiable

---

[11] Docket 27-2 at 23–25.

[12] Docket 1 at ¶¶ 27-36.

[13] *Celotex Corp. v. Catrett*, 477 U.S. 317, 325 (1986).

[14] *Id.* at 324 (quoting Fed. R. Civ. P. 56(e)); *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248-49 (1986).

[15] *Anderson*, 477 U.S. at 248-49 (quoting *First Nat'l Bank of Ariz. v. Cities Serv. Co.*, 391 U.S. 253 (1968)).

Case No. 3:20-cv-00150-SLG, *Masters v. USA*
Order re Defendant's Motion for Summary Judgment
Page 3 of 9
Case 3:20-cv-00150-SLG   Document 46   Filed 07/29/24   Page 3 of 9

inferences" in the non-moving party's favor.[16] "[W]here the party moving for summary judgment has had a full and fair opportunity to prove its case, but has not succeeded in doing so, a court may enter summary judgment *sua sponte* for the nonmoving party."[17]

A district court may not grant a motion for summary judgment solely because the opposing party has failed to file an opposition.[18] However, the court may grant an unopposed motion for summary judgment if the moving party's papers are themselves sufficient to support the motion and do not on their face reveal a genuine issue of material fact.[19]

## DISCUSSION

Defendant moves for summary judgment on Ms. Masters' negligence claim.[20] Defendant asserts that the Alaska Ski Safety Act, Alaska Statute ("AS") § 05.45.010 *et seq.*, prohibits recovery in this case as Ms. Masters' injuries resulted from the inherent dangers and risk of skiing and Ms. Masters failed to maintain control of her tube.[21] Ms. Masters did not respond in opposition.

---

[16] *Id.* at 255 (citing *Adickes v. S.H. Kress & Co.*, 398 U.S. 144, 158-59 (1970)).

[17] *Albino v. Baca*, 747 F.3d 1162, 1176 (9th Cir. 2014) (en banc) (first citing *Cool Fuel, Inc. v. Connett*, 685 F.2d 309, 311 (9th Cir. 1982); and then citing *Gospel Missions of Am. v. City of L.A.*, 328 F.3d 548, 553 (9th Cir. 2003)).

[18] *Cristobal v. Siegel*, 26 F.3d 1488, 1494–95 & n.4 (9th Cir. 1994).

[19] *Id.*

[20] Docket 27.

[21] Docket 27 at 6–15.

Case No. 3:20-cv-00150-SLG, *Masters v. USA*
Order re Defendant's Motion for Summary Judgment
Page 4 of 9
Case 3:20-cv-00150-SLG    Document 46    Filed 07/29/24    Page 4 of 9

Sovereign immunity shields the United States from suits for damages.[22] However, the Federal Tort Claims Act ("FTCA") "waives the sovereign immunity of the United States for actions in tort."[23] The FTCA provides that "[t]he United States shall be liable . . . in the same manner and to the same extent as a private individual under like circumstances . . . ."[24] Accordingly, "the extent of the United States' liability under the FTCA is generally determined by reference to state law."[25]

The Alaska Ski Safety Act limits the liability of ski area operators for actions arising from skiing. The Act generally provides that "a person may not bring an action against a ski area operator for an injury resulting from an inherent danger and risk of skiing."[26] The Act further specifies that "the limitation of liability described under AS 05.45.010 is a complete defense in an action against a ski area operator for an injury if an inherent danger or risk of skiing is determined to be a contributory factor in the resulting injury, unless the ski area operator has violated a requirement of this chapter, a provision of a plan of operation prepared under AS 05.45.040, or a regulation adopted by the Department of Labor and Workforce Development under AS 05.20.070."[27] Under the Act, an "inherent

---

[22] *E.g., FDIC v. Meyer*, 510 U.S. 471, 475 (1994).

[23] *Jerves v. United States*, 966 F.2d 517, 518 (9th Cir. 1992).

[24] 28 U.S.C. § 2674.

[25] *Molzof v. United States*, 502 U.S. 301, 305 (1992) (citations omitted); 28 U.S.C. § 2674.

[26] Alaska Stat. § 05.45.010.

[27] Alaska Stat. § 05.45.020(b)(1).

Case No. 3:20-cv-00150-SLG, *Masters v. USA*
Order re Defendant's Motion for Summary Judgment
Page 5 of 9
Case 3:20-cv-00150-SLG   Document 46   Filed 07/29/24   Page 5 of 9

danger and risk of skiing" is "a danger or condition that is an integral part of the sport of skiing, including changing weather conditions; snow conditions as they exist or may change, including ice, hard pack, . . . ; impact with lift towers, signs, posts, fences or enclosures, hydrants, water pipes, other man-made structures, and their components . . . ."[28]

Furthermore, the Act imposes on skiers certain duties and responsibilities, including "the duty to maintain control of the skier's speed and course at all times. . . so as to be able to avoid other skiers and objects."[29]  "[A] violation of [these skier duties] is a complete defense in an action against a ski area operator if the violation is determined to be a contributory factor in the resulting injury, unless the ski area operator has violated a requirement of this chapter, a provision of a plan of operation prepared under AS 05.45.040, or a regulation adopted by the Department of Labor and Workforce Development under AS 05.20.070."[30]

The Alaska Ski Safety Act applies in this case. Defendant is a "ski area operator" within the meaning of the Act as it had operational responsibility for

---

[28] Alaska Stat. § 05.45.200(3).

[29] Alaska Stat. § 05.45.100(b).

[30] Alaska Stat. § 05.45.020(b)(2).

Case No. 3:20-cv-00150-SLG, *Masters v. USA*
Order re Defendant's Motion for Summary Judgment
Page 6 of 9
Case 3:20-cv-00150-SLG   Document 46   Filed 07/29/24   Page 6 of 9

Hillberg.[31] And, crucially, the Act applies where an individual uses a downhill ski area to tube.[32]

Ultimately, the Act bars Ms. Masters' negligence claim for two independent reasons. *First*, Ms. Masters was injured as a result of an inherent danger and risk of skiing. As discussed, "a person may not bring an action against a ski area operator for an injury resulting from an inherent danger and risk of skiing."[33] This limitation of liability "is a complete defense in an action against a ski area operator for an injury if an inherent danger or risk of skiing is determined to be a contributory factor in the resulting injury," unless the ski area operator has violated duties under the Act or associated regulations.[34] Here, an inherent risk of skiing was a contributing factor in Ms. Masters' injuries. The Act defines both icy and hard-packed snow conditions and impact with man-made structures as "inherent danger[s] and risk[s] of skiing."[35] In this case, the icy conditions at the top of the tube hill and Ms. Masters' ultimate impact with the South Tow Wheelhouse were contributing factors in her injuries.[36]

---

[31] Alaska Stat. § 05.45.200(7) ("'ski area operator' means a person having operational responsibility for a downhill ski area, and includes an agency of the state or a political subdivision of the state"). Ms. Masters does not dispute that the United States owns and operates Hillberg. *See* Docket 1 at ¶ 30.

[32] Alaska Stat. § 05.45.200(8)(B) ("'skier'" includes "an individual using a downhill ski area for the purpose of . . . sliding downhill on snow or ice on . . . a tube . . . .").

[33] Alaska Stat. § 05.45.010.

[34] Alaska Stat. § 05.45.020(b)(1).

[35] Alaska Stat. § 05.45.200(3).

[36] *See* Docket 27-2 at 10, 15 (describing icy conditions); Docket 27-2 at 15–24 (explaining how

Case No. 3:20-cv-00150-SLG, *Masters v. USA*
Order re Defendant's Motion for Summary Judgment
Page 7 of 9
Case 3:20-cv-00150-SLG   Document 46   Filed 07/29/24   Page 7 of 9

*Second*, Ms. Masters was injured in part because she violated skier duties and failed to maintain control of her course. The Act provides that "a violation of the . . . skier duties imposed under AS 05.45.100 is a complete defense in an action against a ski area operator if the violation is determined to be a contributory factor in the resulting injury," unless the ski area operator has violated duties under the Act or associated regulations.[37] In turn, AS § 05.45.100 imposes a duty on skiers to "maintain control of the skier's speed and course at all times. . . so as to be able to avoid . . . objects[.]"[38] Ms. Masters failed to maintain control of her course when she remained seated in her tube at the top of an icy slope and allowed her daughter to pull her along.[39] Furthermore, Ms. Masters failed to "maintain control of her speed and course" once she began sliding down the hill.[40] As a result of these failures, she struck the South Tow Wheelhouse and sustained injuries.[41]

Finally, there is no evidence in the record that Defendant violated any duty under the Act or associated regulations such that the Act's limitations of liability do not apply. In her Complaint, Ms. Masters alleges that Defendant failed to properly inform tubers that the South Lane was closed, failed to create and enforce policies

---

Ms. Masters' impact with man-made structures caused her injury).

[37] Alaska Stat. § 05.45.020(b)(2).

[38] Alaska Stat. § 05.45.100(b).

[39] Docket 27-2 at 39–40; Docket 28 at 2.

[40] Alaska Stat. § 05.45.200(3). *See also* Docket 27-2 at 15–21; Docket 28 at 2.

[41] Docket 27-2 at 15–24.

Case No. 3:20-cv-00150-SLG, *Masters v. USA*
Order re Defendant's Motion for Summary Judgment
Page 8 of 9
Case 3:20-cv-00150-SLG   Document 46   Filed 07/29/24   Page 8 of 9

to ensure tuber safety, failed to remove rebar pipes on the tubing hill, failed to place a berm or fence around the South Tow Wheelhouse, and failed to use reasonable care to inspect or maintain the tubing slopes.[42] However, a party "cannot defeat summary judgment with allegations in the complaint, or with unsupported conjecture or conclusory statements."[43] And the record before the Court lacks evidence that supports Ms. Masters' allegations. Although Ms. Masters is self-represented, the rules of procedure apply equally in her case.[44]

Accordingly, the Alaska Ski Safety Act precludes Ms. Masters' suit. Summary judgment is warranted, and Ms. Masters' claim must be dismissed.

## CONCLUSION

For the foregoing reasons, Defendant's Motion for Summary Judgment at Docket 27 is **GRANTED** and this action is **DISMISSED**. Defendant's Motion to Dismiss at Docket 45 is **DENIED AS MOOT**. The Clerk of Court shall enter final judgment accordingly and close the case.

DATED this 29th day of July 2024, at Anchorage, Alaska.

*/s/ Sharon L. Gleason*
UNITED STATES DISTRICT JUDGE

---

[42] Docket 1 at ¶ 32.

[43] *Hernandez v. Spacelabs Med. Inc.*, 343 F.3d 1107, 1112 (9th Cir. 2003) (citations omitted).

[44] *E.g., Ghazali v. Moran*, 46 F.3d 52, 54 (9th Cir. 1995) (per curiam) ("Although [courts] construe pleadings liberally in their favor, pro se litigants are bound by the rules of procedure.").

Case No. 3:20-cv-00150-SLG, *Masters v. USA*
Order re Defendant's Motion for Summary Judgment
Page 9 of 9
Case 3:20-cv-00150-SLG   Document 46   Filed 07/29/24   Page 9 of 9